FILED
United States Court of Appeals
Tenth Circuit

**March 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

QUINN MCKENZIE JEBE,

   Plaintiff - Appellant,

  v.

COLORADO DEPARTMENT OF
CORRECTIONS; ARISTEDES
ZAVARAS, Executive Director,

   Defendant - Appellee.

No. 08-1403
(D. Ct. No. 1:08-CV-01762-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Quinn McKenzie Jebe, a state prisoner proceeding pro se, appeals the dismissal of his civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. DISCUSSION

Mr. Jebe filed this suit under 42 U.S.C. § 1983, contending that various sections of the Colorado Department of Corrections's Code of Penal Discipline are unconstitutional. Mr. Jebe's complaint, however, did not allege that he had actually been injured by the regulations or that he had been threatened with such injury. Thus, the district court concluded that Mr. Jebe had failed to state a claim and dismissed the complaint as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Mr. Jebe moved for reconsideration pursuant to Fed. R. Civ. P. 60(b). He explained that he had violated the regulations at issue which caused him to lose good time credits and privileges. He recognized "that he should have been more clear on the actual violations that have taken place against him" and requested that the district court "reopen" his complaint and consider it in conjunction with the motion to reconsider. Noting that Rule 60(b) relief is available only in "extraordinary circumstances," *see Massengale v. Okla. Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994), the district court denied the motion.

The district court did not err in dismissing the complaint and did not abuse its discretion in refusing to reconsider that order. *See id.* (reviewing the denial of

a Rule 60(b) motion for abuse of discretion). Although the district court is required to construe a pro se litigant's complaint liberally, this does not excuse the litigant from pleading the facts of his alleged injury. *See Hall*, 935 F.2d at 1330. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury." *Id.* Thus, Mr. Jebe's failure to describe how he had been injured by the purportedly unconstitutional regulations supports the district court's dismissal of his complaint, and Mr. Jebe has not provided any reason that would excuse the failure under Rule 60(b).[1] We further disagree with Mr. Jebe that his inability to access the law library necessitates the filing of an amended appellate brief at some point in the future, and we deny his request for leave to do so.

## II. CONCLUSION

The judgment of the district court is AFFIRMED. The motion to proceed in forma pauperis is granted. Appellant is reminded however, of his continued

---

[1] On appeal, Mr. Jebe asserts that "[c]omplaints need not plead facts." The Colorado case Mr. Jebe cites in support of this proposition, *People v. Lyons*, 585 P.2d 916 (Colo. 1978), says no such thing. Moreover, as we explained, all litigants in federal court (including those acting pro se) must allege the facts constituting their injury or risk dismissal of their complaint.

obligation to make partial payments of the filing fee until it is paid in full.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge

- 4 -